# MCLAUGHLIN & STERN, LLP
## FOUNDED 1898

| | | |
|---|---|---|
| **BRETT R. GALLAWAY**<br>Partner<br>bgallaway@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX  (212) 448–0066<br>www.mclaughlinstern.com | MILLBROOK, NEW YORK<br>GARDEN CITY, NEW YORK<br>WEST PALM BEACH, FLORIDA<br>NAPLES, FLORIDA |

December 11, 2020

**By ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Onate v. AHRC Health Care, Inc., et ano.*,
               20-cv-8292(LGS)

Dear Judge Schofield:

      We are counsel to Plaintiff and the proposed class in the above-referenced matter and take this opportunity to respond to Defendant Care Design NY, LLC's ("CDNY") December 3, 2020 pre-motion letter filed in anticipation of their proposed motion to dismiss or for summary judgment and Defendant AHRC Health Care, Inc.'s ("AHRC") December 4, 2020 letter requesting similar relief (collectively as "Defendants' Letters"). *See* Dkt. Nos. 21 & 23. In short, CDNY's letter improperly focuses attention solely on Plaintiff's allegations of joint employer liability while completely ignoring all well-pled claims for successor liability. Moreover, CDNY attempts to circumvent the discovery process by asserting that selective and cherry-picked payroll records may refute Plaintiff's wage and hour claims. Given that no discovery has occurred, and Plaintiffs' allegations go to numerous types and instances of wage and hour violations, CDNY's attempted pre-discovery misdirection is improper and premature. Finally, AHRC's barebones letter fails to identify any facts or legal basis that would support its proposed motion and as such, is not in compliance with Your Honor's Individual Rule III(A)(I). The Court should recognize and deny Defendants' Letters as mere "busy work" and order that Defendants answer Plaintiff's well-pled complaint and move through the normal course of discovery.

      **1.**    <u>**The Allegations in Plaintiff's Well-Pled Complaint in Response to CDNY's Letter**</u>

      Plaintiff pleads 22-pages of detailed factual allegations which, when viewed in the totality of the circumstances, clearly sets forth cognizable claims for all causes of action. *See* Dkt. No. 1. Specifically, Plaintiff alleges that he was hired by AHRC on January 27, 2014 and on or around July 1, 2018 his position was transitioned to the oversight of CDNY. *See* Dkt. No. 1 at ¶ 12. Despite the change from AHRC to CDNY, Plaintiff's "roles, responsibilities, duties, accounts, hourly rate, supervisors, and work schedule all remained the same." *Id.* CDNY fails to differentiate itself from AHRC in terms of these allegations and relies on an improper and premature argument that because CDNY was not formed until April 2017 and therefore cannot be

McLaughlin & Stern, LLP

Hon. Lorna G. Schofield
December 11, 2020
Page 2

liable for any violations committed by its predecessor, AHRC, prior to the change in July 2018. *See* Dkt. No. 21. This is false. CDNY completely ignores any and all assumptions and allegations of successor liability between the two entities. *See* Dkt. No. 1 at ¶¶ 26-28.

Moreover, CDNY's reliance on *Urena v. Swiss Post Solutions, Inc.*, 2016 WL 5173389 (S.D.N.Y. Sept. 21, 2016) (Schofield, J.) is misplaced. There, the plaintiff brought an action alleging that defendants Swiss Post Solutions, Inc. ("SPS") and the American Society for the Prevention of Cruelty to Animals ("ASPCA") violated the Americans with Disabilities Act ("ADA"). *Id.* at *1. As to the ASPCA, its liability was premised on its status as the plaintiff's employer, and under the ADA, whether an individual is an employee is premised on the common law of agency. *See id.* at *3. Ultimately, based on the common law of agency, the court held that the plaintiff's allegations were insufficient as to ASPCA. *See id.* at *4. Here, by contrast, Plaintiff properly alleges that CDNY is a joint employer – an inquiry entirely different than that of an agency, as was the case in *Urena*. Moreover, the Complaint is replete with detailed allegations regarding CDNY's status as a joint employer, including (1) that AHCR transitioned more than 2,500 people to CDNY, including Plaintiff; (2) that upon transitioning from AHCR to CDNY, his roles, responsibilities, duties, accounts, hourly rate, supervisors, and work schedule all remained the same; (3) the compensation policies of Defendants are centrally and collectively dictated, controlled, and ratified; and (4) Defendants had the power to control wage policies and practices through their oversight of day-to-day operating procedures, control over Hourly Employee work schedules, ability to determine Hourly Employees' rate of pay, and ability to control recordkeeping practices. *See* Dkt. No. 1 at ¶¶ 12, 26, 28.

CDNY's remaining authorities are merely cited in support of the undisputed contention that the joint employer test – not the single employer test – is applicable in this FLSA action. *See* Dkt. No. 21 at n. 1. Plaintiff does not allege that CDNY is a single employer, but rather a joint employer. Any allegations in the Complaint pertaining to common ownership and management go towards CDNY's potential successor liability.

Additionally, CDNY relies on selective time records, on which Plaintiff has not had any chance to perform a complete review or conduct discovery, to assert that its time keeping procedures and practices were lawful. *See* Dkt. No. 21. As the Court is aware, Defendants cannot rely on extraneous documentary evidence on a motion to dismiss and given that Plaintiff has not yet had a chance to take any discovery, a motion for summary judgment based on these records is premature. *See Hutchins v. Solomon*, 2018 WL 4757970, at *9 (S.D.N.Y. Sept. 29, 2018) (holding that it was improper for court to consider extraneous documents submitted by the defendant in support of motion to dismiss without converting motion into a motion for summary judgment and giving the plaintiff opportunity to submit Rule 56 materials) *citing Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985). CDNY has not produced all time and payroll records for Plaintiff, but rather just a suspicious selection which purports to support its defense. Plaintiff has not been afforded the opportunity to take any discovery on these records to assess their validity and implementation. Moreover, we do not know: 1) when these alleged timekeeping policies went into effect; 2) who instituted the change; 3) why the change was made; and 4) what analysis CDNY supposedly did to create this policy which, based on AHRC's lack of any similar contemporaneous

McLAUGHLIN & STERN, LLP

Hon. Lorna G. Schofield
December 11, 2020
Page 3

records or policies, was different from its predecessor's wage and hour policy. Moreover, Plaintiff alleges that the same managers, which demanded the performance of the uncompensated work, remained despite the change from AHRC to CDNY. *See* Dkt. No. 1, ¶ 19. Additionally, Plaintiff seeks to certify a class of employees who "were not fully compensated for time worked over forty hours per week at overtime rates." *See* Dkt. No. 1, ¶ 36. Thus, Plaintiff's claims are not limited to just time rounding and meal break violations, but also any additional uncompensated work that AHRC and/or CDNY supervisors required Plaintiff and members of the proposed class to perform.

### 2. The Allegations in Plaintiff's Well-Pled Complaint in Response to AHRC's Letter

Clearly and improperly piggybacking off of CDNY's letter, AHRC submits a 1-paragraph pre-motion letter which contains no facts, support or legal basis to file their proposed motion for partial dismissal. *See* Dkt. No. 23. AHRC does not attach or rely on any time and payroll records – likely because none exist – to support its claim that Plaintiff and members of the proposed class were appropriately compensated. Additionally, AHRC ignores the facts in the well pled complaint concerning joint employer status and completely ignores any inference of successor liability. Importantly, while it is hard to decipher from the minimal support in AHRC's letter, it appears that AHRC does not intend to challenge the unlawful time rounding practices prior to the CDNY transition. This inherent acknowledgement of potential liability should be telling as to the legitimacy of Plaintiff's claims against AHRC and CDNY.

As Plaintiff has pled detailed factual allegations that, taken as true, would survive Defendants' proposed motions, the Court should deny Defendants' Letters. However, if the Court believes that any deficiencies exist which may be cured by an amendment to the Complaint, pursuant to Your Honor's Individual Rule 3(C)(2), Plaintiff intends to seek leave to amend. We thank the Court for its time and consideration with regard to this request.

Respectfully submitted,

_____
Brett R. Gallaway, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016
Tel: 212-448-1100

*Attorney for Plaintiff*

Cc via ECF: Defendants' Counsel

{N0250369.1}