# MCLAUGHLIN & STERN, LLP
FOUNDED 1898

| | | |
|---|---|---|
| **JASON S. GIAIMO**<br>Associate<br>jgiaimo@mclaughlinstern.com<br>(212) 448-1100 ext. 1564 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br>www.mclaughlinstern.com | GREAT NECK, NY<br>MILLBROOK, NY<br>WESTPORT, CT<br>NAPLES, FL<br>WEST PALM BEACH, FL |

February 19, 2021

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: Onate v. AHRC Health Care, Inc.
       Case No.: 20-cv-08292

Dear Judge Schofield:

  This firm represents Plaintiff Antonio Onate Jr., on behalf of himself and all other similarly situated persons ("Plaintiff"), in connection with the above-referenced action. We write jointly with counsel for Defendant AHRC Health Care, Inc. ("AHRC") pursuant to Your Honor's Order dated February 16, 2021 (Dkt. No. 35).[1]

### 1. Procedural History of the Case

  Plaintiff commenced this action on October 5, 2020 on behalf of himself and all other similarly situated current and formerly hourly paid and non-exempt employees of AHRC ("Hourly Employees") alleging that AHRC's illegal and improper wage practices have deprived Hourly Employees of millions of dollars in wages and overtime compensation. Pursuant to Your Honor's Order dated November 10, 2020 (Dkt. No. 19), AHRC's deadline to answer was extended to December 4, 2020. On December 17, 2020, the Court entered a Civil Case Management Plan and Scheduling Order (the "CMP") directing, *inter alia*, that AHRC file its answer by January 8, 2021, all fact discovery be completed by April 16, 2021, and all expert discovery be completed by May 31, 2021. *See* Dkt. No. 27. On January 8, 2021, AHRC filed its answer. *See* Dkt. No. 34.

  To date, neither Plaintiff nor AHRC has filed any substantive motions and there are no motions pending.

---

[1]  As the Court is aware, Plaintiff and Defendant Care Design NY, LLC reached a settlement in this case. See Dkt. No. 23.

1

2. **Discovery Taken Place**

On February 16, 2021, Plaintiff served his first combined request for interrogatories and the production of documents, including his request for the production and preservation of all relevant and responsive electronically stored information. Pursuant to the CMP, AHRC's responses to Plaintiff's discovery demands, including the production of responsive documents, are due on March 18, 2021.

AHRC served discovery requests on February 19, 2021. Additionally, AHRC served over 300 pages of discovery material, consisting of plaintiff's personnel file and time and pay records, with its initial disclosures.

3. **Parties' Plan to Ensure They Meet the Court Ordered Discovery Deadlines**

A. **Plaintiff's Position**

Given Plaintiff's service of his discovery requests more than one month before AHRC's deadline to respond, Plaintiff does not believe there should be any issues with AHRC's compliance with the CMP's deadline for the production of responsive documents. While Plaintiff will do his best to ensure compliance with the current deadline for the completion of depositions pursuant to Rules 30 and 31 of the Federal Rules of Civil Procedure (currently, April 16, 2021), Plaintiff believes that a brief extension of the deadline for the completion of such depositions may be necessary if AHRC does not make a fulsome production of documents, including class-wide data, within 30 days of receipt of Plaintiff's demands.

After depositions and receipt of a fulsome production of class-wide data from AHRC, Plaintiff anticipates filing a motion for conditional collective certification pursuant to 29 U.S.C. § 216(b). In the event AHRC stipulates to conditional collective certification or the motion is granted, the parties shall meet-and-confer regarding a timeline for the completion of any further opt-in and/or class discovery not previously produced in advance of Plaintiff's anticipated motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The parties shall provide the Court with a proposed timeline for such additional discovery two weeks before any deadline for opt-in plaintiffs to file their consent to join the action (or if the parties cannot agree on a timeline, they will submit to the Court their respective proposals for the Court's resolution).

B. **AHRC's Position**

AHRC does not presently anticipate any issues that would prevent the parties from completing discovery within the current deadline.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo, Esq.

cc:   Defendants' counsel (via ECF)