# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

May 24, 2021

Hon. Kevin Nathaniel Fox
U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Onate v. ARHC Health Care, Inc.*
    **20-cv-8292 (LGS)(KNF)**

Dear Judge Fox:

      This law firm represents AHRC Health Care, Inc. ("AHRC"). I write to respond to Plaintiff's letters of May 19 and May 21, 2021 concerning discovery issues. Plaintiff complained that AHRC failed to produce the class list and the ESI hit list that the Court directed AHRC to produce during the parties' April 14, 2021 discovery conference. Respectfully, Plaintiff's letters raise no issues requiring judicial intervention.

      First, there is no need for the Court to direct production of the material, or otherwise to award Plaintiff relief. AHRC already produced both the class list and the hit list on May 20, 2021. This production did not miss any scheduled date or deadline. Nor was it unduly delayed. Rather, the e-mails attached to Plaintiff's May 19th letter demonstrate a reasonable data collection effort: (1) the parties met and conferred on April 19th; (2) I had two client meetings on April 22 and 26th to ascertain the custodians of the relevant data, (3) AHRC collected the data and provided to the undersigned during the week of May 10, 2021, and (4) I informed Plaintiff's counsel on May 14, 2021, that I had the data possession and that, subject to review and client confirmation, I would provide the data or an update on the 17th. (See DKT. 49-1, 2 and 3). My client contact had been away the week of May 10th, and so while data was coming in to my office during the week, we could not confirm approval to produce it until late in the day on May 18th. Without prior notice, plaintiff made this motion at about 10 am on the 19th before this office was able to make production after receiving approval. While Plaintiff's counsel may have wished to receive the material a bit quicker, this is not a matter that required the Court's involvement. There was was never a dispute that AHRC would produce the data and it has done so.

      Second, there is no dispute concerning the class definition used to create the class list. At the April 14th conference, the Court directed AHRC to produce a class list. There is a written transcript of that conference. (See DKT. 50-1). At page 40, the Court described the pay practices that delinate the the scope of the class list. (See DKT. 50-1, p. 40). At page 46, the Court confirmed the scope of the search AHRC should undertake to create the class list. (See DKT. 50-1, p. 46). These are the criteria AHRC used to create the class list. The emails

**CLIFTON BUDD & DEMARIA, LLP**

May 24, 2021
Page 2

attached to Plaintiff's May 21st letter bear out clearly that AHRC communicated its search crtieria to Plaintiff, (See DKT. 50-2), but, in any event, AHRC restates them here. Plaintiff's reliance on the supposition that AHRC may have thousands of employees is neither here nor there. The Court did not direct AHRC to produce a list of all of its employees, though Plaintiff's counsel may wish that the Court had done so. The class list produced consists of almost 800 employees and was created based on criteria set by the Court.

    Thank you.

                                                                 Very truly yours,

                                                                  Arthur J. Robb

Cc:    All Counsel of Record (via ECF)