# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

| | | |
|---|---|---|
| **BRETT R. GALLAWAY**<br>Partner<br>bgallaway@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br><br>www.mclaughlinstern.com | GARDEN CITY, NEW YORK<br>MILLBROOK, NEW YORK<br>WESTPORT, CONNECTICUT<br>WEST PALM BEACH, FLORIDA<br>NAPLES, FLORIDA |

June 3, 2021

**VIA E-FILING (CM/ECF)**
Honorable Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Onate v. AHRC Healthcare, Inc.*
             Case No.: 1:20-cv-08292 (LGS)(KNF)

Dear Judge Fox:

      As Your Honor is aware, this firm represents Plaintiffs and the proposed class in the above-referenced action. We jointly write pursuant to Your Honor's Individual Rule 2.A to alert the Court of the perpetual and ongoing failure by Defendants to comply with their discovery obligations and this Court's Orders.

**Plaintiff's Position:**

      As the Court may recall, on May 21, 2021, Plaintiff submitted a detailed letter motion requesting Defendants describe the parameters used to define the class and the production of the class list which was ordered by the Court in response to an earlier motion to compel ("Plaintiff's Letter"). *See* Dkt. No. 50. In response to Plaintiff's Letter, on May 26, 2021, the Court ordered that "[t]o eliminate any confusion over the definition of the class, the defendants shall provide immediately to the plaintiff, in writing, the criteria used to create the class list produced to the plaintiff on May 20, 2021." *See* Dkt. No. 52. On May 27, 2021, Defendants sent Plaintiff's counsel a letter generally describing the class definition and certain exclusions from the class list. Specifically, Defendants stated in their letter that "the list encompasses all current and former hourly employees of Defendants, dating three years back from the filing of the lawsuit, who were compensated "based upon their scheduled hours rather than the actual time they clocked in and out," without regard to job title or job location. (See Dkt. 1, ¶3). For avoidance of doubt, this list is not comprised of "all hourly employees" or "all employees who used a time clock," as these attempted renderings of the class definition exceed both the Court's directives and the scope of the purported pay violations alleged in the Complaint."[1]

---

[1]     Attachments, including Defendants' May 27th letter, are intentionally excluded from this submission as per Your Honor's Individual Rule 2.A.

{N0316424.1}
583543.1

McLaughlin & Stern, LLP

Hon. Kevin N. Fox, USMJ
June 3, 2021
Page 2

Given Defendants' obstructionist and cryptic discovery responses and participation to date, which has resulted in a motion to compel largely decided in Plaintiff's favor (*see* Dkt. No. 47) and letter submissions concerning the questionable nature of how Defendants defined the class (*see* Dkt. No. 50), we asked Defendants for clarification as to their May 27th letter explaining the definitions used to produce the class list. Specifically, on May 28th, I asked Defendants' counsel to confirm that:

> "the 760 names you produced to us encompass all of Defendants' employees for 3-years prior to filing the complaint who clocked in early and/or late and were only paid according to their schedules? Thus, the other "hourly employees" or "all employees who used a time clock" as referenced in your letter were never subject to any form of time rounding?"

Rather than give us a simple "yes" or "no" response, Defendants' counsel told us: "If you have questions regarding the pay practices applicable to employees not on the Court-ordered list, you can make those inquiries with an appropriate discovery tool, and AHRC will take any such inquiries under advisement." I then implored Defendants' counsel to just give us a simple clarification on the class list, as ordered by Your Honor, so as not to waste the Court's time with such a ridiculous and unnecessary additional discovery dispute. Defendants' counsel has refused to respond or professionally cooperate in any manner which now necessitates further Court intervention. Thus, we again find ourselves having to ask Your Honor for yet another instruction to Defendants' counsel to fully comply with the Court's May 26th Order and act in a cooperative manner going forward, along with all other relief the Court deems to be appropriate.

**Defendants' Position:**

AHRC has complied with the Court's directives concerning the production of a class list and setting forth the criteria used to create the list. Counsel's claimed confusion about the list is not reasonable and is just an effort to expand the scope of the putative class list beyond the claims asserted in the Complaint and beyond the Court's directives. The Court should deny the request.

As set forth in AHRC's May 27, 2021 letter, AHRC's stated criteria for the class list were:

> *In accordance with the Court's May 26, 2021 Order, AHRC used the following criteria stated by the Court in preparing the list it produced to Plaintiff on May 20, 2021:*
>
> > *The Court: So, I wasn't limiting, in my directive to you earlier, the focus on one job title because, although it's mentioned in the complaint what the job title was of the plaintiff, again, my reading of the complaint was that it was focused more on this practice of rounding the time to avoid paying for hours worked more than 40 in a work week so I believe that that answers your question about whether there was a limitation. If you are still unclear, let me know.*

{N0316424.1}

MCLAUGHLIN & STERN, LLP

Hon. Kevin N. Fox, USMJ
June 3, 2021
Page 3

> \*\*\*
> *Mr. Robb: Your Honor, I just want to be clear the allegations in the complaint are that plaintiff was scheduled to work from thus and such a time to thus and such a time and, regardless of when he punched in, he was only paid for the hours he was scheduled to work and his time punches were therefore rounded to fit the schedule. Right? That's what's alleged, that's what I am going to look for. Is that consistent with your understanding, your Honor?*
>
> *THE COURT: Yes, it is.*

(See Dkt 50-1, pp. 40-46).

> In other words, the list encompasses all current and former hourly employees of Defendant, dating three years back from the filing of the lawsuit, who were compensated "based upon their scheduled hours rather than the actual time they clocked in and out," without regard to job title or job location. (See Dkt. 1, ¶3). For avoidance of doubt, this list is not comprised of "all hourly employees" or "all employees who used a time clock," as these attempted renderings of the class definition exceed both the Court's directives and the scope of the purported pay violations alleged in the Complaint.

No reasonable attorney would be confused by this explanation. And it is clear that Counsel is not seeking a "clarification" of the list. AHRC quotes both the allegations of Plaintiff's Complaint and the Court's *verbatim* directives. Paragraph 3 of the Complaint alleges a specific unlawful pay practice, i.e., that AHRC allegedly compensated Plaintiff and others "based upon their scheduled hours rather than the actual time they clocked in and out." (See Dkt. 1, ¶3). The Court stated that this pay practice is the operative criterion, without regard to job title or location. (See Dkt 50-1, pp. 40-46). Counsel is quite obviously asking about employees **not** on the list and is just asking vague, broad questions about how they were paid. "Any form of rounding" is an unhelpful term that could cover any number of lawful or possibly unlawful pay practices. More important, this query could cover any number of lawful or possibly unlawful pay practices **not** alleged in the Complaint and **not** ordered by this Court to be included in the list. As such, AHRC asks the Court to deny Plaintiff's request and to issue an Order directing that no further explanation of the list shall be required or requested.

We sincerely appreciate the Court's time and attention to this request.

Respectfully submitted,

Brett R. Gallaway

cc: Defendants (via ECF)

{N0316424.1}