UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ANTONIO ONATE, et al.,                                        :
                                        Plaintiffs,           :
                                                              :         20 Civ. 8292 (LGS)
                -against-                                     :
                                                              :         **ORDER**
AHRC HEALTH CARE, INC., et al.,                               :
                                        Defendants.           :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Antonio Onate Jr. ("Plaintiff") brought this action against Defendant Care Design NY, LLC, which has already settled, and Defendant AHRC Health Care, Inc. ("Defendant"), on behalf of himself and a putative collective and class of others similarly situated;

WHEREAS, the Complaint alleges that Defendant engaged in illegal and improper wage practices in violation of the Fair Labor Standards Act by "(a) improperly penalizing Hourly Employees by configuring the time clocks in Defendants' facilities to round down and artificially reduce the amount of time Hourly Employees are credited with performing work as well as compensating Hourly Employees based only upon their scheduled hours rather than the actual time they clocked in and out; and (b) automatically deducting time for meal breaks when employees are performing work during that time" (Dkt. No. 1 at ¶ 3);

WHEREAS, the Complaint sought certification of the following putative collective and class:

> All Hourly Employees who are or were employed by Defendants within the three years (FLSA Collective Class) or six years (New York Class) preceding the filing of this action and were improperly penalized by Defendants' schedule-based time rounding system if they clocked in or out before and/or after the end of their scheduled shift, even though they performed work related duties during this uncompensated time window and who were: (a) not compensated for all work

>performed while clocked-in; and/or (b) were not compensated for all work performed during uncompensated and automatically deducted meal breaks; and/or (c) were not fully compensated for time worked over forty hours per week at overtime rates.

(Dkt. No. 1 at ¶ 36);

WHEREAS, on March 26, 2021, Defendant filed a letter objecting to Plaintiff's requests for class discovery in part on the grounds that Plaintiff was a salaried, exempt employee and thus not included within the class definition in the Complaint that was limited to hourly, non-exempt employees, and proposing a class limited to Plaintiff's job title (Dkt. No. 37);

WHEREAS, also on March 26, 2021, Plaintiff filed a letter responding to Defendant's letter, arguing that Defendant was a non-exempt salaried worker because his salary fell below the minimum exempt salary, and that a class of both non-exempt hourly and salaried workers is appropriate because both groups used time clocks and were subject to the time-rounding practices alleged in the Complaint (Dkt. No. 38);

WHEREAS, on April 14, 2021, Magistrate Judge Kevin Nathaniel Fox held a hearing on the parties' discovery dispute regarding the Complaint's putative class definition, and after hearing argument, held:

>With respect to the ability of the plaintiff to get class discovery, it seems to me that the complaint is clear enough in defining what the plaintiffs complaint is, that he has a scheduled time to work I will say for the purpose of this discussion 9:00 to 5:00, but he clocks in before 9:00, does work on behalf of the employer, clocked out after 5:00, does work on behalf of the employer but isn't compensated for the pre-9:00 and the post-5:00 work, and because the defendant rounds up time and limits the payment to the period 9:00 to 5:00 regardless of pre-9:00 work and post-5:00 work, and it is information about persons who were subjected to the same type of conduct by the employer that the plaintiff is seeking to gather information about, the defendant seems to be re-characterizing what is in the complaint to view things as the defendant does as a claim about classification, whether you are an exempt employee or not. But I think that the complaint is clear enough about what it is that is being claimed by the plaintiff and so information sought that will speak to that group of employees who had a dedicated time, and I said for the purposes of the discussion 9:00 to 5:00 but clocked in ahead of 9:00,

>
> clocked out after 5:00 and did work in those periods and wasn't compensated is what the focus should be on and it is permissible for the plaintiff to request and for the defendant to provide information about people who fall into that definition.

(Dkt. No. 47 at 40:1-25);

WHEREAS, Plaintiff's counsel asked for clarification as to whether, for purposes of discovery, the putative class is limited by "job location or job title," and Judge Fox responded: "When I read the complaint -- and I am still of the view -- that the complaint was not crafted, as I read it, to focus only on a particular job title but on a practice of the employer to have employees work -- or rather scheduled to work a certain period of time and clock-in before or after that scheduled time and not compensate them for that when the total time worked in a week exceeded 40 hours.  So I wasn't limiting, in my directive to you earlier, the focus on one job title because, although it's mentioned in the complaint what the job title was of the plaintiff, again, my reading of the complaint was that it was focused more on this practice of rounding the time to avoid paying for hours worked more than 40 in a work week so I believe that that answers your question about whether there was a limitation.  If you are still unclear let me know" (Dkt. No. 47 at 45:2-17);

WHEREAS, Defendant's counsel requested clarification on the scope of the putative class, asking, "Your honor, I just want to be clear the allegations in the complaint are that plaintiff was scheduled to work from thus and such a time to thus and such a time and, regardless of when he punched in, he was only paid for the hours he was scheduled to work and his time punches were therefore rounded to fit the schedule. Right? That's what's alleged, that's what I am going to look for. Is that consistent with your understanding, your Honor?" Judge Fox responded that Defendant's understanding was consistent with the Court's (Dkt. No. 47 at 46:4-12);

WHEREAS, Defendant initially produced a list of 760 putative class members, despite the fact that Defendant employs thousands of individuals.  Plaintiff requested clarification on the specific definition used to compile the list, but Defendant refused, and on May 21, 2021, Plaintiff filed a motion seeking a description from Defendant of how it had defined the putative class for purposes or producing the list (Dkt. No. 50), which Defendant opposed (Dkt. No. 51);

WHEREAS, on May 26, 2021, Judge Fox directed Defendant to "provide immediately to the plaintiff, in writing, the criteria used to create the class list produced to the plaintiff on May 20, 2021," in order to "eliminate any confusion over the definition of the class" (Dkt. No. 52);

WHEREAS, on May 27, 2021, Defendant sent Plaintiff a letter stating that, "the list encompasses all current and former hourly employees of Defendants, dating three years back from the filing of the lawsuit, who were compensated 'based upon their scheduled hours rather than the actual time they clocked in and out,' without regard to job title or job location.  For avoidance of doubt, this list is not comprised of 'all hourly employees' or 'all employees who used a time clock,' as these attempted renderings of the class definition exceed both the Court's directives and the scope of the purported pay violations alleged in the Complaint" (Dkt. No. 79-2 at 3-4);

WHEREAS, on June 3, 2021, the parties filed a joint letter in which Plaintiff asserted that Defendant's class definition failed to comply with the court's prior directive, in part because Plaintiff had asked Defendant to confirm that all "hourly employees" or "employees who used a time clock" who were excluded from Defendant's list "were never subject to any form of time rounding," and Defendant declined to answer "yes" or "no."  Defendant responded that its definition was clear and consistent with the Court's prior directives, and that Plaintiff was seeking discovery on non-class members who were subject to "any form of time rounding" other

than the form of time-rounding that defined the class, *i.e.*, employees "compensated 'based upon their scheduled hours rather than the actual time they clocked in and out'" (Dkt. No. 53);

WHEREAS, on June 14, 2021, Judge Fox issued an Order finding that Defendant's "criteria are both clear and in line with the Court's directives given during the April 14, 2021 telephone conference" and "no further clarification is needed," and directing the parties "to move forward with this litigation" (Dkt. No. 54);

WHEREAS, following discovery, on April 1, 2022, Plaintiff filed a pre-motion letter before Magistrate Judge Jennifer Willis, who had been reassigned the case, asserting that discovery revealed that Defendant's class list was incomplete, based on witness testimony that both non-exempt salaried employees -- like Plaintiff -- and hourly employees were subject to the same time-keeping practices (Dkt. No. 79).  On April 6, 2022, Defendant responded arguing (1) that Plaintiff's deposition testimony suggested that Plaintiff could only be raising a claim on behalf of overtime-eligible salaried employees, not hourly employees; and (2) the issue had already been litigated before Judge Fox (Dkt. No. 80);

WHEREAS, on April 22, 2022, Judge Willis denied Plaintiff's request, stating: "the parties' dispute was litigated before Judge Fox.  Defendant's characterization of the class list provided in Dkt. No. 79-2 is the definition Judge Fox referenced in Dkt. No. 54" (Dkt. No. 83);

WHEREAS, on May 4, 2022, Plaintiff timely filed objections to Judge Willis's Order (Dkt. Nos. 92-93), and on May 18, 2022, Defendant filed responses to Plaintiff's objections (Dkt. No. 97);

WHEREAS, the parties agree that Judge Willis's Order may be overturned only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction

that a mistake has been committed." *PWV Consultants LLC v. Chebil Realty LLC*, No. 20 Civ. 9030, 2022 WL 562220, at *3 (S.D.N.Y. Feb. 24, 2022) (internal quotation marks omitted). "Because the standard is 'highly deferential,' the objector 'carries a heavy burden.'" *Id.* It is hereby

**ORDERED** that Plaintiff's objections are SUSTAINED in part and OVERRULED in part.

To the extent Plaintiff sought to relitigate the question of how the putative class is defined in the Complaint, and to the extent Judge Willis held that the question had been litigated before Judge Fox, Plaintiff's objections are OVERRULED, as that decision was not clearly erroneous. If Plaintiff were seeking to challenge Judge Fox's ruling, that objection is untimely. Therefore, Judge Fox's original ruling and Judge Willis's ruling adhering to it are not at issue here. As Judge Fox held, the class definition as pleaded in the Complaint encompasses all employees who were subject to time-rounding and compensated "based upon their scheduled hours rather than the actual time they clocked in and out."

On the other hand, to the extent Plaintiff sought to compel Defendant to produce a list of putative class members including non-exempt *hourly* employees, in addition to non-exempt *salaried* employees, who were subject to time-rounding and compensated "based upon their scheduled hours rather than the actual time they clocked in and out," Plaintiff's objections are SUSTAINED. Hourly employees, like salaried employees, may have scheduled hours that are set with a view toward excluding scheduled meal breaks. If time rounding was used to avoid compensating hourly employees who clocked in earlier or later than scheduled, or to avoid compensating employees who worked during scheduled meal breaks, those employees' claims

are encompassed by the Complaint, and by its class definition as construed by Judge Fox, regardless of whether or not those employees were scheduled to work forty hours per week.

In response to Plaintiff's objections, Defendant asserts that "[t]he Court did not hold that 'the putative class members include all [employees] who used Defendant's time clock system to record the hours worked and were subjected to the improper pay practices alleged in Plaintiff's complaint." Dkt. No. 97 at 7.  To the contrary, that appears to be precisely what Judge Fox held. Defendant previously argued that the class should be limited to Plaintiff's job title because Plaintiff was salaried and not hourly, and Judge Fox specifically rejected that effort at "re-characterizing what is in the complaint to view things as the defendant does as a claim about classification, whether you are an exempt employee or not."  Judge Fox was not presented with the present question, and did not decide, whether the 760 names that Defendant has produced as the initial class list includes all of those within the putative class.  Nor did Judge Fox decide that the class definition he endorsed encompassed only salaried employees and not hourly ones.  To the extent Judge Willis held to the contrary, respectfully, that decision was clearly erroneous. Defendant's repeated efforts to limit the class definition suggest that Defendant, not Plaintiff, is seeking to revive an issue it lost before Judge Fox.  It is further

**ORDERED** that, Defendant should be compelled to produce a list of putative class members consistent with the definition in the Complaint as construed by Judge Fox and stated above, and to do so in consultation with Plaintiff about the search terms or search criteria used to

compile the list. If necessary, Plaintiff should be permitted to obtain discovery from Defendant to ascertain whether and to what extent there are non-exempt hourly employees who were subject to time-rounding and compensated "based upon their scheduled hours rather than the actual time they clocked in and out."

The matter is reversed in part and remanded for further proceedings consistent with this Order.

Dated: May 26, 2022
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**