UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ONATE ET AL,

                                  Plaintiffs,

-against-

AHRC HEALTH CARE, INC.,

                                  Defendant.
------------------------------------------------------------------X

**ORDER**

**20-CV-8292 (LGS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Antonio Onate Jr., on behalf of himself and a putative collective and class of others similarly situated ("Plaintiffs"), brought this action against Defendant Care Design NY, LLC, which has already settled, and Defendant AHRC Health Care, Inc. ("Defendant"). Plaintiffs, current and former hourly paid and non-exempt employees of Defendant, allege claims under the Fair Labor Standards Act and New York Labor Law. For the reasons stated below, Defendant shall produce communications related to BKD, LLP's ("BKD") final audit of Defendant's payroll processes and practices but is not required to produce the schedules of employees in the sample class. Defendant must also produce BKD's final audit of Defendant's payroll processes and practices by **July 11, 2022**.

### I. Background

On June 6, 2022, this Court held a conference regarding the parties' discovery disputes following the close of discovery on April 15, 2022. The Court ordered Defendant to produce BKD's final audit of Defendant's payroll processes and

practices. The Court also ordered Defendant to file a letter by June 13, 2022 discussing whether there is any burden, and if so the extent of such burden, of producing the schedules of employees in the sample class and communications related to BKD's audit. Dkt. No. 105. On June 17, 2022, Plaintiffs filed a responsive letter. Dkt. No. 115.

### I. Communications Related to BKD's Audit

Defendant argues that communications related to BKD's audit are protected by Federal Rule of Evidence ("FRE") 407. Defendant also states that it has identified at least 15 custodians over an 18-month period whose emails would be implicated if required to produce such communications. The ESI production for the entire case thus far only involved two custodians over a 6-year period, which cost $250,0000 in ESI vendor costs. Defendant claims that producing communications related to BKD's audit will implicate twice as much ESI data as was reviewed during the entirety of discovery and incur up to $500,000 in additional ESI vendor charges. Finally, Defendant states that Plaintiffs posit only hypothetical use of the information sought and thus Plaintiffs' request is not proportionate to the needs of the case and is unduly burdensome. Dkt. No. 114.

Plaintiffs argue that Defendant has not demonstrated any concrete burden for searching and producing documents and communications related to the BKD audit. Defendant did not produce a hit list with proposed search terms to identify the number of responsive documents from a search of 15 custodians or obtain an ESI vendor proposal for the search and retrieval of such documents. Defendant's estimate

that it would cost up to $500,000 to search for the requested communications is based on the fact that there are more custodians, but the requested search would only cover 18 months as opposed to the six years involved in discovery thus far. Moreover, Plaintiffs do not agree that the communications are inadmissible under FRE 407 but regardless, the documents may be used at trial subject to FRE 407 to (1) impeach witnesses and (2) counter any contention by Defendant that it acted in good faith compliance with the law in connection with Defendant's anticipated argument that the alleged violations were not willful. Dkt. No. 115.

The Court agrees with Plaintiffs that FRE 407 does not protect the communications from discovery. Rather, FRE 407 applies to the admissibility of evidence at trial and allows evidence of subsequent remedial measures for certain purposes. See Cohalan v. Genie Industries, Inc., 276 F.R.D. 161, 166 (S.D.N.Y. 2011) ("[W]hat is admissible does not define what is discoverable."); Holick v. Cellular Sales of New York, LLC, No. 1:13–CV–738 (NAM) (RFT), 2014 WL 4771719, at *3 (N.D.N.Y. Sept. 24, 2014) (holding that FRE 407 did not bar discovery of documents and reasoning that disclosure could affect motion practice while still being inadmissible at trial); Cimini v. Jaspan Schlesinger Hoffman, LLP, No. 05-CV-5952 (JFB) (AKT), 2008 WL 11413374, at *2 (E.D.N.Y. Feb. 22, 2008) (holding that any documents withheld from production based on FRE 407 alone must be produced).

In addition, the Court agrees with Plaintiffs that Defendant's burden argument is insufficient to preclude discovery. The requested discovery involves a much shorter timeframe than discovery in this case thus far and Defendant provides

no concrete costs or price estimates from an ESI vendor regarding the search and production of responsive documents. The Court finds that communications related to the BKD audit are at least potentially relevant to the parties' claims and defenses and Defendant has not adequately demonstrated an undue burden of production. Accordingly, Defendant must produce communications related to the BKD audit. The parties shall file a joint letter by **August 4, 2022** regarding the status of such production.

**II. Schedules of Employees in the Sample Class**

Defendant argues that employee schedules are created and modified at the departmental level. Accordingly, a search for them would require Human Resources to contact a particular employee's department and investigate how and where the employee's schedule may be kept. The sample putative class includes about 80 current and former AHRC employees. Plaintiffs' request for schedules would thus require Defendant to conduct 80 discrete investigations and will not alter Plaintiffs' analysis of their claims because Plaintiffs already have the putative class members' time and pay records. Therefore, Plaintiffs' request is not proportionate to the needs of the case and is unduly burdensome. Dkt. No. 114.

Plaintiffs argue that Defendant has not provided any analysis of the time and cost to produce the employees' schedules. Defendant also conceded at the parties' June 6, 2022 conference that the schedules would provide additional information than that included in the time and pay records Plaintiffs already have. Therefore,

Defendant should be compelled to produce the employee schedules for those in the class sample. Dkt. No. 115.

The Court agrees with Defendant that producing the employees' schedules is disproportionate to the needs of the case and unduly burdensome. Given the way in which schedules are created and maintained and the fact that there is no way to streamline the review process of same, the Court finds that 80 separate investigations to obtain the putative class members' schedules would be overly time consuming and costly. The burden of such investigations outweighs the minimal potential relevance of the schedules. Consequently, Defendant need not produce the schedules of employees in the sample class.

### III. BKD's Final Audit

The Court ordered Defendant to produce BKD's final audit at the parties' June 6, 2022 conference. Defendant has provided no reason for why it has not produced the final audit yet. Defendant must produce the final audit by **July 11, 2022**.

SO ORDERED.

DATED:   New York, New York
         July 5, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge