
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                              :
ANTONIO ONATE JR., et al.,                   :
                               Plaintiffs,       :
                                                :               20 Civ. 8292 (LGS)
                   -against-               :
                                                :               **OPINION AND ORDER**
AHRC HEALTH CARE, INC., et al.,          :
                                     Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      As relevant to this motion, Plaintiff Antonio Onate Jr. asserts claims under the Fair Labor Standards Act ("FLSA") and purportedly on behalf of himself and all other non-exempt salaried and hourly workers who are or were employed by Defendant AHRC Health Care, Inc., on or after October 5, 2017.[1] Onate alleges that Defendant failed to pay both non-exempt salaried and hourly workers the minimum wage and overtime required by FLSA. Onate has been joined by eleven Opt-In Plaintiffs, all of whom describe themselves as hourly employees in their declarations.[2] Plaintiffs move for an order (1) conditionally permitting them to proceed as a collective action pursuant to 29 U.S.C. § 216(b); (2) compelling Defendant to furnish names and contact information for individuals in the collective and (3) authorizing Plaintiffs to circulate a

---

[1] Plaintiff and Defendant Care Design NY, LLC ("Care Design") reached a settlement, and Care Design was dismissed from the action on January 7, 2021.

[2] Even "[i]n the absence of conditional collective certification," district courts in this Circuit and Courts of Appeals in other Circuits have held "that opt-in plaintiffs become party plaintiffs upon filing their consents to sue; nothing further is required." *Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410, 2021 WL 4460632, at *8 (S.D.N.Y. Sept. 28, 2021) (citing *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 n.10 (3d Cir. 2016) and *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) and collecting cases). "[T]he consents filed by [Opt-In Plaintiffs], rather than any conditional certification, determines their status as plaintiffs, on equal footing with Lead Plaintiffs but bringing their own individual cases." *Id.* (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018); *accord Bethel v. BlueMercury*, No. 21 Civ. 2743, 2022 WL 3594575, at *11 (S.D.N.Y. Aug. 22, 2022).

Notice of Pendency and Consent to Join Form to those in the collective. This action is assigned to Magistrate Judge Jennifer E. Willis for general pretrial supervision. On January 5, 2023, Judge Willis issued a Report and Recommendation (the "Report") recommending that Plaintiffs' motion be granted. Defendant timely filed objections to certain aspects of the Report. For the reasons below, Defendant's objections are overruled, and the Report is adopted in full.

## I. BACKGROUND

Familiarity with the relevant factual background and procedural history as set out in the Report is assumed. The Report recommends conditional certification of a collective including all current and former non-exempt hourly employees and non-exempt salaried employees who were employed by Defendant on or after the date that is three years before the filing of the Complaint, with the exceptions of (1) employees in Defendant's Home Health Department and (2) persons excluded in the Complaint, i.e., "Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in AHCR and Care Design."

Defendant's opposition to conditional certification rests substantially on the fact that Plaintiff Onate was a salaried employee but seeks certification of a collective including all non-exempt employees of Defendant, including hourly employees. At times in their papers, Defendant argues that Onate was exempt from FLSA requirements, but Onate alleges that he was a non-exempt salaried worker, and Defendant concedes that Onate was (or should have been) eligible for overtime. Pursuant to 29 U.S.C. § 213, certain categories of workers are exempt from FLSA's wage and hour provisions, including overtime pay, based on their job responsibilities and/or the nature of their employer.

Defendant argues that Plaintiff Onate is not similarly situated to the hourly Opt-In Plaintiffs because Onate was classified and treated as an exempt employee. Defendant concedes that it had reclassified Onate's job classification as "overtime eligible," though that reclassification "may not have been implemented as to Onate." The Report found Defendant's arguments unpersuasive, based on (1) declarations and time and payroll records that Defendant's time-clock system rounds down and automatically excludes scheduled meal breaks for Onate and the hourly Opt-In Plaintiffs alike; (2) declarations and time and payroll records that Onate and the hourly Opt-In Plaintiffs alike were paid based on their scheduled hours without regard to hours actually worked and (3) this Court's prior ruling that the Complaint's allegations encompass both non-exempt salaried and hourly employees. Defendant also argued that the Opt-In Plaintiffs' "off-the-clock claims" are "inherently individualized" given the variation in those Plaintiffs' work locations, roles and supervisors. The Report found that argument unpersuasive for similar reasons, and because putative collective members' claims need be only "similar, not identical."

Defendant objects to the Report, arguing that it (1) errs generally in recommending the inclusion of hourly workers in the proposed collective, and (2) errs specifically in concluding that the May 26, 2022, Discovery Order has preclusive effect concerning the evidentiary determination required to certify a FLSA collective under 29 U.S.C. § 216(b). With respect to its general objection, Defendant refers to its opposition papers on the original motion before Judge Willis. With respect to its specific objections, Defendant argues that Judge Willis's references to the May 26, 2022, Order elide important distinctions in how salaried workers like Onate and hourly workers like the Opt-In Plaintiffs were paid.

## II. STANDARD

### A. Conditional Certification

FLSA authorizes employees to bring a collective action on "behalf of . . . themselves and other employees similarly situated" who "consent in writing" to join the action. 29 U.S.C. § 216(b). The Second Circuit has never offered a definitive standard for the conditional certification of a FLSA collective action, but it has "endorsed" a widely accepted two-step approach. *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (citing *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)). "At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Id.* The second step, typically taken upon the completion of discovery, requires the court to determine "whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Id.* "The action may be 'de-certified' if the record reveals they are not." *Myers*, 624 F.3d at 555.

At the first step, in order to achieve conditional certification, "[t]he modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." *Id.* (internal quotation marks and citations omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *King v. Fedcap Rehab. Servs., Inc.*, No. 20 Civ. 1784, 2022 WL 292914, at *3 (S.D.N.Y. Feb. 1, 2022). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Id.* (internal quotation marks omitted).

As a result, "[e]vidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Ford v. WSP USA, Inc.*, No. 19 Civ. 11705, 2021 WL 4803848, at *4 (S.D.N.Y. Oct. 14, 2021) (internal quotation marks omitted). This is "a low standard of proof," and "[i]f the Court determines that 'similarly situated' employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action." *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021 WL 1750370, at *4 (S.D.N.Y. May 4, 2021).

B.  **Review of a Report and Recommendation**

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In reviewing a report and recommendation on a dispositive motion, the district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). A district court need only satisfy itself that "no clear error [is apparent] on the face of the record." *See, e.g.*, *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020). A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "When a party makes only conclusory or general objections, or simply reiterates the original arguments

made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal quotation marks omitted).

On the other hand, a district court may reconsider a magistrate judge's decision on a non-dispositive pretrial matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. § 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *PWV Consultants LLC v. Chebil Realty LLC*, No. 20 Civ. 9030, 2022 WL 562220, at *3 (S.D.N.Y. Feb. 24, 2022) (internal quotation marks omitted). "Because the standard is highly deferential, the objector" to a non-dispositive pretrial order "carries a heavy burden." *Id.* (internal quotation marks omitted).

### III.    DISCUSSION

####    A.    Applicable Legal Standards

As a threshold matter, the parties dispute both what standard applies to the motion in the first instance and what standard applies to review the findings and recommendations in the Report. Before Judge Willis, Defendant argued that the higher standard applicable at Step Two of the two-step certification procedure applies, because discovery is complete. The Report rejected this argument because discovery is not complete; Plaintiffs seek conditional certification in part to obtain further opt-in discovery. Still, Judge Willis "look[ed] beyond the pleadings and affidavits submitted by Plaintiffs and . . . consider[ed] the evidence submitted by both parties, albeit with an understanding 'that the body of evidence is necessarily incomplete.'" *Stewart v. Hudson Hall LLC*, No. 20 Civ. 885, 2021 WL 1750368, at *6 (S.D.N.Y. May 4, 2021) (internal quotation marks omitted). Defendant does not appear to object to this aspect of the Report, but even reviewing this decision *de novo*, the Report is correct.

6

At this stage, Defendant argues that Federal Rule of Civil Procedure 72(b) applies, such that this Court must review *de novo* those portions of the Report to which "specific written objections" have been made. Plaintiffs argue in effect for a more deferential standard of appellate review -- that, "[u]nlike class certification motions brought under Rule 23, motions for conditional certification of FLSA collective actions qualify as 'pretrial matter' subject to clear error review" under Rule 72(a), even where there are objections. *Haas v. Verizon N.Y., Inc.*, No. 13 Civ. 8130, 2015 WL 5785023, at *2 (S.D.N.Y. Sept. 30, 2015). The Report itself, styled as a recommendation, contemplates application of Rule 72(b).

Plaintiffs have the better argument. "A motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to Rule 72(a)." *Ke v. JR Sushi 2 Inc.*, No. 19 Civ. 7332, 2021 WL 465359, at *1 (S.D.N.Y. Feb. 9, 2021) (cleaned up); *accord Zhongle Chen v. Kicho Corp.*, No. 18 Civ. 7413, 2020 WL 1900582, at *17 n.1 (S.D.N.Y. Apr. 17, 2020) (distinguishing a FLSA conditional certification motion from a Rule 23 class certification motion, which must be reviewed under Rule 72(b) pursuant to 28 U.S.C. § 636(b)(1)(A)). Even if Rule 72(b) did apply, most of the Report still would be reviewed for clear error. Defendant's admittedly "general" objection "simply reiterates the original arguments" presented to Judge Willis. *Foster v. City of New York*, No. 14 Civ. 4142, 2021 WL 1191810, at *4 (S.D.N.Y. Mar. 30, 2021). Such "perfunctory responses argued in an attempt to engage the district court in rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Id.* (cleaned up).

That said, other courts in this District have conducted *de novo* review of recommendations for conditional certification of collective actions following objections. *See, e.g.*, *Kwan v. Sahara Dreams Co. II Inc.*, No. 17 Civ. 4058, 2021 WL 2843100, at *2 (S.D.N.Y.

7

July 7, 2021).  The distinction between a Rule 72(a) and 72(b) review would not change the outcome of this motion.  In an abundance of caution, recognizing the contrary authority and that Defendant's general and specific objections are inextricably intertwined, this Opinion reviews *de novo* aspects of the Report to which Defendant objects and finds no error, clear or otherwise.

### B.     Analysis

Plaintiffs have made the required "modest factual showing" that Onate and Defendant's hourly employees "together were victims of a common policy or plan that violated the law." *Scott*, 954 F.3d at 515.  Plaintiffs carry their burden by offering more than bare allegations and at least some "actual evidence of a factual nexus between their situation and those that they claim are similarly situated."  *Zhongle Chen*, 2020 WL 1900582, at *6.

#### 1.   Plaintiffs' Evidence that They Are Similarly Situated

As Onate recounted in his declaration, at all times while he was employed by Defendant, he was considered a salaried employee.  He was paid based on a thirty-five-hour workweek regardless of how many hours he worked, even though he used Defendant's time clock system to record his time and often clocked in early or clocked out late.  Onate's time and payroll records reflect that, in several pay periods, he worked more than forty hours in a week, and more than eighty hours in a pay period, but was nonetheless paid based on his scheduled thirty-five hours per week.  Onate says that he often worked through scheduled meal breaks, but those breaks were invariably deducted from his hours.  Onate also claims that Defendant's time-clock system rounded his time down, which arguably is reflected in his time records.  And he reports that he often worked before or after clocking out.  Onate states that all work before and after his scheduled hours (and before and after he was on the clock) was necessary to perform his job duties and for Defendant's benefit.  Defendant concedes that, even after it determined that it was

8

legally required to reclassify Onate as overtime-eligible, it treated him as an exempt employee and paid him a fixed amount weekly.

The Opt-In Plaintiffs, all of whom refer to themselves as "hourly" employees in their declarations, report similar experiences. Those employees report that, if they clocked in before or clocked out after their scheduled shift times, Defendant's time system rounded their time to the scheduled beginning or end of their shifts. That is in substance the same as Onate's claim that he was paid based on his scheduled hours even when he exceeded them, and even when he exceeded forty hours in a week.

The Opt-In Plaintiffs also report working regularly through uncompensated meal breaks, as Onate did. Defendant's Director of Financial Control, Sharon Fong, confirmed that Defendant's payroll system automatically deducts time for the full meal break. Fong testified that, while Defendant was aware of employees working through meal breaks, it had no process to ensure non-exempt employees were paid for that time.

The time and pay records of Opt-In Plaintiff Melissa Duncan paints a similar picture to Onate's.³ During one pay period, April 28 to May 11, 2018, the time between Duncan's punch-in and punch-out times generally is roughly one hour longer than the "Totaled Amount" for that day. In addition, those amounts show that Duncan worked at least 76.5 hours in that period, while her pay stub states that she was paid for seventy hours. The discrepancy between hours paid and hours clocked is clear. It would be reasonable to infer for the purpose of this motion that she was paid only for scheduled hours less a meal break, rather than for the hours she actually worked.

---

³ The "Earnings Statement" portion of the exhibit in question states that it refers to "Melissa Torres," but based on Plaintiff's counsel's declaration, it appears that Ms. Duncan's surname has changed since 2018.

### 2. Defendants' Evidence and Arguments that Plaintiffs Are Not Similarly Situated

Before Judge Willis, Defendant argued as a threshold matter that the allegations in the Complaint encompassed only non-exempt salaried employees like Onate, not hourly employees. Defendant relied on two discovery orders purportedly limiting discovery on that basis. The Report properly rejected this argument as inconsistent with this Court's May 26, 2022, Order. That Order recognized that the Complaint, and Judge Fox's prior discovery orders, were broad enough to encompass all employees who were subjected to the improper pay practices alleged in the Complaint -- i.e., who were paid based on their scheduled hours, even when they worked more hours. The May 26, 2022, Order was entered after Defendant filed its opposition papers on the instant motion before Judge Willis. In citing that Order, Judge Willis did not assign it outsized preclusive effect. The Report simply recognized that Defendant's precise argument -- about the allegations in the Complaint and the import of Judge Fox's discovery orders -- had already been rejected.

Defendant next argued that Onate was situated differently from hourly employees because Onate was treated as an exempt employee. Therefore, Defendant argued, Onate's claims require a threshold determination of whether Onate was classified properly. The Report also properly rejected this argument because Defendant's effort to reframe the Complaint as one about misclassification had already been rejected. Again, the Report did not treat prior discovery orders as preclusive. The Report went on to conduct a detailed, nuanced analysis of the evidence that salaried, overtime-eligible employees like Onate are similarly situated to hourly employees. The Report recognized what Judge Fox and this Court had also recognized: Onate alleges (and now presents evidence) that he was eligible for overtime pay and did not receive it because Defendant rounded his time to his scheduled hours, and that Defendant treated hourly employees

the same way.  Defendants have offered some evidence that Onate's hourly colleagues actually *were* paid overtime, in the form of a handful of illustrative pay stubs for certain Opt-In Plaintiffs.  But because Plaintiffs have made a modest factual showing of a common practice with their own allegations, declarations and evidence, this factual dispute cannot be resolved at the conditional certification stage.  *See Pierre v. City of New York*, No. 20 Civ. 05116, 2022 WL 4482295, at *4 (S.D.N.Y. Sept. 27, 2022).

Before Judge Willis, Defendant relied principally on cases that declined to certify collectives that included both exempt and non-exempt employees.  *See, e.g.*, *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012) ("Where a collective action contains a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate.").  At the same time, Defendant conceded that the proposed collective would include only non-exempt employees, and that Defendant had determined to classify Onate himself as overtime-eligible.  Now, Defendant shifts focus to the difference between overtime-eligible salaried work and hourly work.  Defendant argues that salaried work, by its nature, involves fixed weekly pay that is unaffected by punch-in and punch-out times, rounding and meal breaks.  That argument simply rehashes the classification argument.  If Onate, like his hourly colleagues, is eligible for overtime, then it matters to him as it matters to hourly employees how his time is recorded, rounded and deducted.  Defendant cites no case that placed dispositive weight on the distinction between overtime-eligible salaried and hourly employees.[4]

---

[4] *Ford*, 2021 WL 4803848, is inapposite.  There, the plaintiff had provided no evidence of how employees hired by staffing companies other than his own were paid, so there was no basis to

11

Since Onate complains about the same allegedly unlawful pay practices as the hourly Opt-In Plaintiffs, such "factual variances that may exist between the plaintiff and the putative class will not defeat conditional class certification." *Pierre*, 2022 WL 4482295, at *4.

Finally, Defendant argued before Judge Willis that the Opt-In Plaintiffs, unlike Onate, made "inherently individualized" claims that they performed off-the-clock work. That claim is inaccurate, because Onate also claims that he performed off-the-clock work. But in any event, as the Report recognized, any individual factual issues do not defeat conditional certification under the lenient test applied at this stage. For now, it is enough that Onate and the Opt-In Plaintiffs allege and support with declarations a common policy of requiring uncompensated off-the-clock work.

## IV.    CONCLUSION

For the foregoing reasons, the Motion for Conditional Certification and for Court Facilitation of Notice is GRANTED as follows:

ORDERED that Defendant's objections to the Report are overruled. The Court has reviewed the rest of the Report, to which there is no objection, and finds that it is well-reasoned, thorough, and contains no error, clear or otherwise. The Report is adopted in full except as modified below.

ORDERED that the following collective is conditionally certified:

All current and former non-exempt hourly employees and non-exempt salaried employees who were employed by Defendant on or after October 5, 2017 (i.e., three years before the filing of the Complaint), except for (1) employees in

---

find that they were similarly situated. *Id.* at *5. Defendant cited numerous cases before Judge Willis in which other plaintiffs put forward no evidence or allegations about how other members of the putative collective were paid. *Cf., e.g.*, *Guo v. Tommy's Sushi, Inc.*, No. 14 Civ. 3946, 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ("[V]ague, conclusory, and unsupported assertions do not suffice."). Those cases are distinguishable given the declarations and time and pay record evidence here.

>Defendant's Home Health Department and (2) Defendant and Care Design, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant or Care Design.

ORDERED that, by March 2, 2023, Defendant shall provide Plaintiffs with the names, last known physical and email addresses and last known telephone numbers of all current and former non-exempt hourly employees and non-exempt salaried employees who were employed by Defendant on or after October 5, 2017, except for employees in Defendant's Home Health Department.

ORDERED that the proposed Notice at Dkt No. 87-1 is approved with the following changes:  On page 1, in the second bullet, revise to state the definition of the collective ordered above.  On page 1, delete the name of the judge.  Consistent with numbered section 3 on page 2, all references to "Plaintiffs" shall be changed to "Plaintiff."  On page 2, numbered section 4, insert "preliminarily" before "found."  On page 2, numbered paragraph 7, insert "for Plaintiff and those who choose to join the lawsuit their" before "unpaid."  On page 3, numbered paragraph 8, revise to state the definition of the collective ordered above.  On page 3, in numbered paragraph 9, replace "Class" with "Collective."  On page 3, numbered paragraph 11, delete the third and fourth sentences.  Plaintiffs shall propose new language to replace the struck language (or may propose reinserting the original language) and shall file a letter explaining why the proposed language accurately describes the consequences of joining the collective in light of a potential opt-in's status as a "party plaintiff."  29 U.S.C. § 216(b); *see Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019).  On page 4, in numbered paragraph 15, delete the phrase, "and will have to file your own separate

lawsuit." On page 5, in numbered paragraph 16, add the phrase "you are represented by Plaintiff's counsel and" between the words "if" and "you do not win."

ORDERED that the proposed Consent to Join at Dkt. No. 87-1 is approved with the following changes: In question 1, delete "with the title / in the position of an Employee," and "as an Employee" (both times). In paragraph 4, add "I understand that the lawyers will be paid as stated in paragraph 16 of the Notice." Include a paragraph that says, "Please mail this form to AHRC Lawsuit, McLauglin & Stern, LLP, c/o Brett R. Gallaway, 260 Madison Avenue, New York NY 10016. You may use the provided envelope."

By February 16, 2023, Plaintiff shall file a revised form of Notice and Consent to Join (clean and a redline), along with a letter providing authority for the proposed wording of numbered paragraph 11 on page 3 and a proposal for providing notice -- including the means and timing of notice. Plaintiff and Defendant shall seek to agree on the terms of the proposal, and Plaintiff's letter shall note any remaining disagreement.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 85.

Dated: February 9, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE