**MCLAUGHLIN & STERN, LLP**
**FOUNDED 1898**

| | | |
|---|---|---|
| **JASON S. GIAIMO**<br>Partner<br>jgiaimo@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br>www.mclaughlinstern.com | GARDEN CITY, NY<br>MILLBROOK, NY<br>WESTPORT, CT<br>WEST PALM BEACH, FL<br>NAPLES, FL |

July 17, 2023

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 1007

      Re: *Onate v. AHRC Health Care Inc.*
            **Case No.: 1:20-cv-08292-LGS-JW**

Dear Judge Schofield:

      We represent the Plaintiffs, the conditionally certified class, and the proposed class in the above-referenced action. We write pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases for approval to file certain documents under seal in connection with Plaintiffs' anticipated motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Plaintiffs' Motion for Class Certification") and to file Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification publicly with redactions where references are made to purportedly confidential information (with a copy of the unredacted document with the proposed redactions highlighted to be filed under seal).

      More specifically, in support of Plaintiffs' Motion for Class Certification, Plaintiffs intend to rely on and submit to the Court numerous exhibits, seven of which are documents produced in discovery by Defendant and which were designated "Confidential" by Defendant.[1] Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification quotes from certain of these documents and Plaintiffs plan to include each of the documents as exhibits in support of Plaintiffs' Motion for Class Certification. On June 28, 2023, Plaintiffs' counsel emailed Defendant's counsel to request Defendant's de-designation of such documents so that they may be filed publicly and without any redactions or under seal. On July 14, 2023, Defendant's counsel stated that "[i]t is Defendant's position that the documents listed below shall not be de-designated as they contain proprietary business, sensitive, non-public information, which was never intended for public access." Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, as Plaintiffs are not the ones asserting the confidentiality of these documents, Defendant bears the burden of persuasion and should promptly file a letter on ECF within two business days in support

---

[1]     Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases, these seven documents will be e-filed contemporaneously under seal. Likewise, Plaintiffs are contemporaneously filing Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification publicly with redactions and separately unredacted with the proposed redactions highlighted.

MCLAUGHLIN & STERN, LLP

Hon. Lorna G. Schofield
July 17, 2023
Page 2

of Plaintiffs' motion, explaining why Defendant seeks to have these documents filed under seal and/or with redactions.

Further, in accordance with Your Honor's Individual Rules and Procedures for Civil Cases, the following attorneys and parties should have access to the sealed documents:

- Jason S. Giaimo, Esq., counsel for Plaintiffs
- Lee S. Shalov, Esq., counsel for Plaintiffs
- Brett R. Gallaway, Esq., counsel for Plaintiffs
- Arthur Robb, Esq., counsel for Defendant
- Melissa Romain, Esq., counsel for Defendant
- All Plaintiffs
- Defendant

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

cc:   All Counsel of Record (via ECF)

"The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  The parties' confidentiality designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations, such as the need to protect competitively sensitive information.

The request is DENIED without prejudice to renewal.  Defendant may refile a request to seal by **July 21, 2023**, with an explanation of the basis for the request that is sufficient under Second Circuit case law.  The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Defendant.

Dated: July 18, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE