UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ONATE, *et al.*,

                            Plaintiffs,

           -against-

AHRC HEALTH CARE, INC.,

                            Defendant.
------------------------------------------------------------------X

**ORDER**

**20-cv-8292 (AS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## BACKGROUND

On March 28, 2023, Judge Schofield directed the Parties to jointly provide an update on the status of opt-in discovery and a proposed schedule for depositions. Dkt. No. 161. On April 11, 2023, the Parties submitted a letter with agreed-upon dates for a deposition schedule, however, the Parties disagreed on the appropriate scope of discovery for the 1,105 opt-in Plaintiffs. Dkt. No. 165.

In early June, the Court invited the Parties to brief the Court on the appropriate scope of opt-in discovery. The Court further stated that "the Parties are free to confer and agree on the scope of discovery or the size of the sample. Should they do so, they must provide a status update to the Court. Any status update should include the proposed size and scope of the sample as well as any adjusted discovery deadlines." Dkt. No. 175.

Plaintiffs submitted a letter motion in support of their proposed scope of opt-in discovery in late June. Dkt. No. 177. The Plaintiffs proposed 1) limiting discovery

to 5% of the opt-in population 2) limiting the number of depositions of the opt-in Plaintiffs to 15 opt-in Plaintiffs 3) limiting the duration of such depositions to 3 hours each and 4) providing the randomly selected Plaintiffs at least 60 days to serve responses to Defendant's written discovery demands. See Dkt. No. 177.

In support of their position, Plaintiffs argued that "the relevant case law demonstrates that where the total number of opt-in plaintiffs approaches 400 or more, the trend is to approve a sampling of 10% or less." See Dkt No. 177, *citing* Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 188, 190 (S.D.N.Y. 2014) (allowing depositions of 10% of the 582 opt-in plaintiffs and written discovery from an additional 15 opt-in plaintiffs); Ruiz v. Citibank, N.A., 93 F. Supp. 3d 279, 283 (S.D.N.Y. 2015) (sampling of discovery of 30 opt-in plaintiffs out of 437 total opt-in plaintiffs [i.e., less than 7% of the total opt-in population]); Flood v. Carlson Restaurants Inc., 2016 WL 3221146, at *5 (S.D.N.Y. June 7, 2016)  (limiting opt-in discovery to up to 8% of the total opt-in population); Smith v. Lowes Home Ctrs., 236 F.R.D. 354, 356-58 (S.D. Ohio 2006) (ordering a representative sample of 6% of the 1,500 opt-in plaintiffs).

Defendants 1) argued that "at a minimum each opt-in party plaintiff should respond to written interrogatories concerning the nature of the claims they are actually asserting in this action,"  2) proposed to take depositions of up to 5% of the opt-in population (55 employees) and 3) sought a methodology of deposing Plaintiffs based on a stratification across facilities and job titles to ensure that Defendant will be able to depose a representative selection. See Dkt. No. 179.

Defendants cite numerous cases in support of the proposition that the full range of individualized discovery against all opt-in Plaintiffs is appropriate. See Dkt. No. 179 *citing* Abubakar v. City of Solano, No. 06-cv-2268 (LKK) (EFB), 2008 WL 508911, at *10 (E.D. Cal. Feb. 22, 2008) (allowing individual discovery of approximately 160 opt-ins); Ingersoll v. Royal & Sunalliance USA, Inc., No. 05–cv–1774 (MAT), 2006 WL 2091097 at *2 (W.D. Wash. July 25, 2006) (permitting individualized discovery of all 34 opt-ins); Coldiron v. Pizza Hut, Inc., 2004 WL 2601180, at *5–7 (C.D. Cal. Oct. 25, 2004) (allowing individual discovery of all 306 opt-in plaintiffs); Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) (permitting discovery addressed to all 152 opt-in plaintiffs); Rosen v. Reckitt & Colman, Inc., No. 91–cv–1675, 1994 WL 652534 (S.D.N.Y. 1994) (allowing individual discovery of 49 opt-ins); Brooks v. Farm Fresh, Inc., 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (allowing discovery of all 127 opt-ins); Kaas v. Pratt & Whitney, No. 89-cv-8343, 1991 WL 158943 (S.D. Fla. 1991) (authorizing individual discovery of all 100 opt-in plaintiffs).

## LEGAL STANDARDS

Generally, Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see Alvarado Balderramo v. Go New York Tours Inc., 15-cv-2326 (ER) 2021 WL 6427602, at *1 (S.D.N.Y. Dec. 7, 2021).

But Rule 26(b)(2)(C) gives the Court authority to limit the frequency and extent of discovery otherwise allowed by the Rules if it determines that, among other

reasons, the discovery sought is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C).

Thus, Rule 26(c)(1) allows the Court to issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1).

With respect to actions involving opt-in plaintiffs, the Court in Lloyd explained, "Generally, there are two lines of cases regarding individualized discovery in opt-in class actions: one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." See Lloyd v. J.P. Morgan Chase & Co., No. 11-cv-9305 (LTS) (HBP), 2015 WL 1283681, at *2 (S.D.N.Y. Mar. 20, 2015) *citing* Forauer v. Vt. Country Store, Inc., No. 5:12–cv–276 (CR), 2014 WL 2612044 at *2 (D. Vt. June 11, 2014), *quoting* Coldiron v. Pizza Hut, Inc., 2004 WL 2601180 at *2 (C.D.Cal. Oct. 25, 2004).

Courts that have allowed individualized discovery "treat opt-in plaintiffs in an FLSA collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure." See Lloyd, *supra, citing* Khadera v. ABM Indus. Inc., No. C08-cv-417 (RSM), 2011 WL 3651031 at *2 (W.D.Wash. Aug. 18, 2011); Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir.2010); Strauch v. Computer Scis. Corp., No. 3:14-cv-956 (JBA), 2015 WL 540911 at *3 (D.Conn. Feb. 10, 2015); Forauer v. Vt. Country Store, Inc., No. 5:12-cv-276 (CR), 2014 WL 2612044 at *3 (D. Vt. June 11, 2014) (collecting cases);  and Daniel v. Quail Int'l, Inc., No. 3:07–cv–53 (CDL), 2010 WL 55941 at *1 (M.D.Ga. Jan. 5, 2010).

On the other hand, Courts that have "declined to allow individualized discovery in FLSA actions have concluded that collective actions under the FLSA should be governed by the same standards as govern discovery in Fed. R. Civ. P. 23 class actions and should be limited…because 'to permit individualized discovery … would undermine the purpose and utility of both class and collective actions." See Lloyd, *supra, citing* Smith v. Lowe's Home Ctrs., Inc., 236 F.R.D. 354, 357 (S.D.Ohio 2006) and Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 188, 192 (S.D.N.Y. 2014).

Accordingly, these courts, "have permitted representative sampling of plaintiffs." See Lloyd, *supra, citing* Strauch v. Computer Scis. Corp., No. 3:14-cv-956 (JBA), 2015 WL 540911 at *1 (D.Conn. Feb. 10, 2015) (collecting cases).

Key to determining which approach is most appropriate is the total number of opt-in plaintiffs: "although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." See Lloyd, *supra,* (collecting cases).

## DISCUSSION

Here, there are over one thousand opt-in Plaintiffs. See Dkt. No. 177 at 1, ("1,105 Opt-In Plaintiffs").

If Defendant's proposal were adopted and every opt-in Plaintiff required to respond to interrogatories, it would generate over 40,000 responses and possibly over 20,000 pages of documents. See Dkt. No. 177 at 2. Plaintiff contends that "the

5

attorney time expended in responding to such voluminous demands would likely approach or exceed $1 million." Id. Clearly this is overly burdensome under Rule 26. Much of the important information is already in the employer's possession and courts have permitted sampling with far fewer opt-in plaintiffs. See Lloyd v. J.P. Morgan Chase & Co., No. 11-cv-9305 (LTS) (HBP), 2015 WL 1283681, at *2 (S.D.N.Y. Mar. 20, 2015) (collecting cases); Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 188, 190 (S.D.N.Y. 2014) (allowing sampling of 582 opt-in plaintiffs); Ruiz v. Citibank, N.A., 93 F. Supp. 3d 279, 283 (S.D.N.Y. 2015) (permitting sampling of 437 total opt-in plaintiffs). **Therefore, the Court will require only 5% of the opt-in Plaintiffs to respond to written interrogatories**.[1]

Depositions, too, should be limited. Defendants propose to conduct over fifty depositions. Especially given that the Motion for Class Certification is already pending, an additional fifty depositions are unnecessary. **Defendant may depose an additional fifteen opt-in Plaintiffs only**. The opt-in Plaintiffs to be deposed shall be selected randomly from up to five stratifications to be proposed by the Defendant. If the Parties cannot agree on a method of randomly selecting opt-in Plaintiffs to sample, they shall be selected alphabetically based upon the second letter of their last name.

---

[1] The opt-in Plaintiffs to receive written interrogatories shall be selected randomly according to a similar method of selecting those to be deposed. The opt-in Plaintiffs shall be selected randomly from up to five stratifications to be proposed by the Defendant. If the Parties cannot agree on a method of randomly selecting opt-in Plaintiffs to sample, they shall be selected alphabetically based upon the second letter of their last name.

Furthermore, given that much of the information about the employees is already in their employer's possession, there is no need for the depositions to last the full seven hours. To reduce the total time and money spent deposing the opt-in Plaintiffs, **the depositions can be limited to three hours each**.

Finally, as always, the Parties remain free to agree on the scope and timing of opt-in discovery. Should the Parties jointly determine that the number of depositions and written interrogatories proposed in this Order should be adjusted given the pending Motion for Class Certification, they may do so. In such an event, the Parties should provide a letter updating the Court.

The Parties shall submit a letter to the Court proposing dates for the completion of opt-in discovery **by November 3, 2023**.

**The Clerk of the Court is respectfully requested to close Dkt. No. 177.**

SO ORDERED.

DATED:   New York, New York
         October 23, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge