UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO ONATE, JR., on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>AHRC HEALTH CARE, INC.,<br><br>                            Defendant. | Case No.: 1:20-cv-08292-AS-JW |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT; AND SCHEDULING A FAIRNESS HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum"), the Declaration of Jason S. Giaimo ("Giaimo Declaration") and the supporting exhibits, the Court hereby finds as follows:

A.    On June 3, 2025, Plaintiff filed an unopposed Motion for Preliminary Approval, with respect to a proposed Joint Stipulation of Settlement and Release entered into between Plaintiff and Defendant AHRC Health Care, Inc. ("Defendant") effective June 3, 2025 (the "Settlement Agreement"). Defendant does not oppose the Motion for Preliminary Approval. Collectively, Plaintiff and Defendant are referred to as the "Parties."

B.    This Court has considered all of the submissions presented with respect to the

Settlement Agreement.

C. All capitalized terms in this Order that are not otherwise defined have the same meaning as used in the Settlement Agreement.

NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. The Court finds that the Settlement Agreement is fair, reasonable and adequate, and should be preliminarily approved. The Settlement will ensure prompt payment to the Class Members and avoid the risks and expense of continued litigation.

2. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendant's counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The Court further finds that the Parties exchanged sufficient discovery prior to settlement negotiations to recommend the Settlement. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Class Members as set forth in the Settlement Agreement is appropriate.

3. The Court approves Analytics, LLC as the Claims Administrator.

4. The proposed Notice, attached as Exhibit 2 to the Giaimo Declaration, fully and accurately informs the Class Members of all material elements of the action and the proposed Settlement. The Court does not permit Class Members a new opportunity to request exclusion pursuant to Rule 23(e).

5. The Parties propose to disseminate the Notice to the Class Members *via* First Class United States Mail to the last known address of each Class Member, in addition to dissemination *via* electronic mail in accordance with Section 2.4 of the Settlement Agreement. The Court finds that the method of disseminating the Notice, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

6. Based on the foregoing, the proposed Notice is hereby approved by the Court.

7. Within **fourteen (14) days** after the filing of this Order, and in accordance with Section 3.4(B)(1), Defendant shall provide the Class Records to Class Counsel and the Settlement Claims Administrator for purposes of individual Class Member damage calculations.

8. Within **fourteen (14) days** after the filing of this Order, and in accordance with Section 2.4(A) of the Settlement Agreement, Defendant will provide the Settlement Claims Administrator with the following information, in electronic form, for all Class Members: name, last known addresses, email addresses (to the extent maintained), social security numbers, and weeks of employment in a non-exempt position (the "Class List").

9. Within **fourteen (14) days** of receipt of the Class List, or as soon thereafter as practicable, the Settlement Claims Administrator will mail to all Class Members, *via* First-Class United States Mail, postage prepaid, the Notice and will email the same.

10. Each Class Member shall have **thirty (30) days** from the mailing of the Notice to object to the Settlement with an additional **thirty (30) days** from the date of remailing for any Class Members to whom Notice was re-mailed as set forth in the Settlement Agreement.

11. The Court will conduct a Fairness Hearing on January 28, 2026, at 2:30 PM to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and

(c) Plaintiff's application for a service payment. Class Counsel shall file a Motion for Final Approval of the Settlement on or before January 13, 2026.

12. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

June 9, 2025
New York, New York

SO ORDERED:

_____
Hon. Jennifer E. Willis
United States District Court Magistrate Judge

4